# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | Case Number: 4:15-CR-00012 |
| v. § | Judge Mazzant |
| § | |
| TREVON RAYNELL LYNCH (1) § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Trevon R. Lynch's Motion for Reconsideration Based on the Court's Order, Which Movant Received on July 25, 2022 (Dkt. #95). The Court, having considered the motion and relevant pleadings, finds that the motion should be **DENIED**.

## BACKGROUND

In February 2015, Defendant Trevon Raynell Lynch pleaded guilty to Hobbs Act Conspiracy, a violation of 18 U.S.C. § 1951(a). The Court sentenced Defendant to twenty years imprisonment followed by a three-year term of supervised release (Dkt. #77). Defendant is serving his sentence at FCI Coleman Medium, with an anticipated release date of February 20, 2032 (Dkt. #90 at p. 1).

On April 8, 2022, Defendant filed a motion seeking home confinement under 18 U.S.C. § 3582(C)(1)(a), which the Court treated as a motion for compassionate release (Dkt. #84). On May 2, 2022, May 9, 2022, and May 16, 2022, Defendant filed supplemental motions to inform the Court of various updates relevant to his motion (Dkt. #88; Dkt. #89; Dkt. #92; Dkt. #93). Defendant sought compassionate release based on the need to care for his elderly grandmother who suffers from arthritis, kidney failure, a cracked back, three hip replacements, and three foot surgeries, arguing these conditions constitute "extraordinary and compelling reasons" to grant a sentence reduction (Dkt. #84 at p. 2). The Government opposed the sentence reduction,

contending Defendant's family circumstances did not rise to the level of "extraordinary and compelling" (Dkt. #90 at p. 8).

On July 11, 2022, the Court entered an order (the "July 11 Order") in which the Court determined that Defendant had met § 3582(c)(1)(A)'s exhaustion requirements but had not met the statute's requirement that "extraordinary and compelling reasons" exist warranting a reduction of his sentence (Dkt. #94). Accordingly, the Court denied Defendant's motion.

On August 11, 2022, Defendant filed a motion to reconsider the Court's July 11 Order (Dkt. #95). The Government did not respond.

## LEGAL STANDARD

### I. Motion to Reconsider

Although motions for reconsideration are not "explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (per curiam). The Supreme Court has analyzed reconsideration motions in criminal cases similarly to those in the civil context, at least as to the motions' effect on appellate deadlines. *United States v. Healy*, 376 U.S. 75, 77–80 (1964). Courts have inferred from the reasoning in *Healy* that "motions to reconsider in criminal prosecutions are proper and [should] be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Where, as here, a defendant files a motion to reconsider more than twenty-eight days after the denial of the compassionate-release motion, the Fifth Circuit has stated that courts should "treat it as if it were a Rule 60(b) motion, as long as the grounds asserted . . . would also support Rule 60(b) relief." *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021) (per curiam) (quotation omitted).

A court may grant a Rule 60(b) motion in a civil case for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, the judgment is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. P. 60(b).  "Not enumerated, but acknowledged by the Fifth Circuit as a basis for Rule 60(b) relief, is to rectify an obvious error of law."  *Garrett*, 15 F.4th at 339 n.5 (quotation omitted).  Decisions on Rule 60(b) motions are "left to the sound discretion of the district court."  *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quotation omitted).  Defendant argues that reconsideration is warranted due to a change in circumstances.  In general, "[a]n intervening change in circumstance . . . is not a proper basis for a motion for reconsideration."  *Garrett*, 15 F.4th at 339.

## II.  18 U.S.C. § 3582(C)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c).  One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984.  Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing

3

Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify. *Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define "extraordinary and compelling reasons" and promulgated United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. In application note 1 to § 1B1.13, the Sentencing Commission described what circumstances constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission essentially created four categories of "extraordinary and compelling reasons," which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age of the defendant;[1] (3) issues arising from the defendant's family circumstances;[2] and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.* And because § 3582(c)(1)(A) requires that any sentence reduction be consistent with the Sentencing Commission's policy statements issued pursuant to § 994(t), the policy statements contained in

---

[1] Specifically, a defendant, who is at least 65 years old, who "is experiencing a serious deterioration in physical or mental health because of the aging process" and also "has served at least 10 years or 75 percent of his or her term of imprisonment" may meet the requirement that "extraordinary and compelling reasons" exist. U.S.S.G. § 1B1.13, n.1(B).

[2] Such family circumstances exist where: (1) a defendant has minor children whose caregiver dies or becomes incapacitated; or (2) "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, n.1(C).

4

§ 1B1.13 were binding on district courts considering § 3582(c)(1)(A)(i) motions. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (holding that the Sentencing Commission's policy statements issued pursuant to 28 U.S.C. § 994 are binding on district courts when considering motions brought under 18 U.S.C. § 3582(c)).

In 2018, Congress amended § 3582(c)(1)(A) with the passage of the First Step Act. The amendment provided that, in cases where the BOP does not file a compassionate-release motion on the prisoner's behalf, the prisoner may personally file a motion for compassionate release. *Shkambi*, 993 F.3d at 391–92. This was the First Step Act's only change to the compassionate-release framework. *Id.* at 391. Thus, while prisoners, in addition to the BOP, may now file motions for compassionate release, § 3582(c)(1)(A)(i)'s substantive requirements that govern a prisoner's entitlement to release remain the same. *See id.* at 392 ("But the [First Step Act] left undisturbed the other three § 3582 requirements.").

Following the First Step Act's expansion of who may file a motion under § 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when such motions could only be filed by the BOP, remained binding on district courts when considering compassionate-release motions. The Fifth Circuit addressed this question in *Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to § 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to § 3582(c)(1)(A) motions filed by prisoners. 993 F.3d at 392.[3] Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling

---

[3] Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate-release motions filed by prisoners. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all § 3582(c)(1)(A) motions).

reasons" when a § 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a § 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the [BOP]. But it does not govern here—on the newly authorized motion of a prisoner." (internal quotations omitted)). Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i).

### III.     Extraordinary and Compelling Reasons

Although the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G § 1B1.13 and its accompanying application notes when considering compassionate-release motions filed by prisoners, the policy statement is not wholly irrelevant. Courts should still look to the policy statement for guidance in determining what constitutes "extraordinary and compelling reasons" for a sentence reduction when a prisoner files a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the [U.S.S.G.] § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). Using the policy statement as guidance when considering prisoner-filed compassionate-release motions is warranted for several reasons.

First, whether a compassionate-release motion is filed by the BOP or a defendant, the

statutory standard governing the motion is the same. Section 3582(c)(1)(A) provides that its requirements for obtaining a sentence reduction apply "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). And as noted above, the First Step Act did not change § 3582(c)(1)(A)'s substantive requirements. Thus, a policy statement defining "extraordinary and compelling reasons" in the context of BOP-filed motions necessarily informs what "extraordinary and compelling" means in the context of defendant-filed motions because the same standard governs both motions. In other words, § 3582(c)(1)(A)(i)'s "extraordinary and compelling reasons" phrase does not implicate shifting substantive meanings depending on who invokes the statute.

Congress's application of a single standard to govern § 3582(c)(1)(A) motions—whether filed by the BOP or by defendants—is also evident in § 3582(c)(1)(A)'s exhaustion requirement. Before a prisoner can file a compassionate-release motion, he must first present his case to the BOP and request that the BOP file the motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A). Fulfilling this exhaustion requirement would be a nonsensical exercise if the standard governing the defendant's entitlement to release varied significantly depending on whether the BOP grants the defendant's request. Defendants would request compassionate release based on the interpretation of "extraordinary and compelling reasons" applicable to their motions while the BOP would evaluate such requests based on the interpretation applicable to its motions. The fact that defendants must first ask the BOP to file their compassionate-release motions before doing it themselves indicates that Congress intended no significant substantive distinction between BOP-filed and defendant-filed motions under § 3582(c)(1)(A).

Indeed, § 1B1.13 does not become useless as guidance for defendant-filed compassionate-release motions simply because its terms state that it applies to motions brought by the Director of

the BOP. Rather, § 1B1.13 and its accompanying application notes "provide a working definition of 'extraordinary and compelling reasons'" because the standard applies equally to BOP motions and prisoner motions. *Gunn*, 980 F.3d at 1180. When the Sentencing Commission promulgated § 1B1.13, its intent was not to specify a unique standard for BOP motions but rather to define "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A).

Further, 28 U.S.C. § 994(t) does not direct the Sentencing Commission to adopt standards governing prisoner motions and standards governing BOP motions. Rather, § 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). And as the Sentencing Commission itself has explained, U.S.S.G. § 1B1.13 and its application notes constitute the Commission's implementation of § 994(t)'s directive. *See* U.S.S.G. § 1B1.13 cmt. background ("This policy statement implements 28 U.S.C. § 994(a)(2) and (t)."). Because § 3582(c)(1)(A) governs BOP motions and prisoner motions alike, the Sentencing Commission's definition of § 3582(c)(1)(A)'s terms is instructive when considering a prisoner's motion brought under § 3582(c)(1)(A)(i).

For these reasons, the Court concludes that the "extraordinary and compelling reasons" applicable to defendant-filed motions are generally those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes. To be clear, the "extraordinary and compelling reasons" contained in the Sentencing Commission's policy statement are neither exhaustive nor binding on the Court. *Shkambi*, 993 F.3d at 392. But, in any event, the Court's analysis of whether Defendant has presented "extraordinary and compelling reasons" warranting the sentence reduction he seeks will be significantly guided—though not strictly bound—by the Sentencing Commission's description in U.S.S.G. § 1B1.13 and the accompanying application notes.

## IV. 18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .

(5) any pertinent [Sentencing Commission] policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

## ANALYSIS

The Court denied Defendant's motion for compassionate release because Defendant's family circumstances did not warrant his release. This was true despite the fact Defendant's rehabilitation record did support his release. To be sure, Defendant has made a noteworthy effort to rehabilitate himself during his incarceration. However, rehabilitation alone cannot support

9

release and caring for a sick and/or aging parent or grandparent is not a qualifying "family circumstance."

Defendant requests that this Court reconsider its denial of Defendant's request for compassionate release for several reasons (Dkt. #95). First, Defendant argues that the Court stated that it had not received Defendant's grandmother's medical records or a letter from Defendant's grandmother, but that those documents were sent directly to the Court. Second, Defendant argues that none of the member's of Defendant's family are willing to help or assist his grandmother, therefore, she has no one to care for her. Lastly, Defendant provided further evidence of his rehabilitative efforts. Defendant has essentially done no more than reiterate the arguments he made in his previous motion. In the instant motion, Defendant does not present any new bases for relief, assert any novel legal arguments, raise any substantial factual or legal issues warranting relief, or otherwise demonstrate that compassionate release is warranted. Indeed, none of the reasons in Defendant's motion warrant the Court changing its July 11 Order.

Extraordinary and compelling reasons for a sentence reduction may exist when certain family circumstances are proven. For example, such family circumstances exist where: (1) a defendant has minor children whose caregiver dies or becomes incapacitated; or (2) "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, n.1(C). The Court said as much in its July 11 Order:

> When considering family circumstances sufficient to grant sentence reduction, the United States Sentencing Guidelines state that reduction should only be granted after the 'death or incapacitation of the caregiver of the defendant's minor child or minor children' or after the 'incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.' Thus, under the plain language of the U.S. Sentencing Commission's commentary, care of a grandparent is not a qualifying basis for early release.

(Dkt. #94 at pp. 10, 11) (citing U.S.S.G. § 1B1.13, n.1(C).  Indeed, the care of a sick or aging grandparent is not an extraordinary and compelling reason.  Furthermore, the Court also noted in its July 11 Order that other courts in this circuit have repeatedly held that caring for a sick and/or aging parent or grandparent is not a qualifying "family circumstance" under U.S.S.G. § 1B1.13, n.1(C) (Dkt. #94 at pp. 10, 11) (internal citations omitted).

Nothing in Defendant's motion for reconsideration addresses the issues with Defendant's initial request.  Put simply, Defendant has brought nothing to the Court's attention that supports reconsideration of the Court's previous decision.  Having carefully considered the arguments contained in Defendant's motion to reconsider, the Court is still of the opinion that Defendant fails to prove that his incarceration is "extraordinary and compelling" under the § 3582(c)(1)(A)(i) framework.  *See United States v. Stowe*, No. CR H-11-803(2), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) (citation omitted) (stating that the defendant generally "has the burden to show circumstances meeting the test for compassionate release").[4]

\*     \*     \*

Under the rule of finality, federal courts may not "modify a term of imprisonment once it has been imposed" unless one of a few "narrow exceptions" applies.  *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)) (plurality op.); *see also Dillon*, 560 U.S. at 819 (same).  Compassionate release is one of those exceptions, but a defendant must conform both to the procedural and substantive requirements of § 3582(c)(1)(A) for a court to modify a sentence. Because Defendant has failed to meet the controlling requirements for compassionate release set forth in § 3582(c)(1)(A)(i) and has failed to provide the Court with any reason to reconsider the

---

[4] Given Defendant's failure to meet § 3582(c)(1)(A)'s requirements, the Court did not need to address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction in its July 11 Order.  Similarly, the Court need not address whether 18 U.S.C. § 3553(a) factors support a sentence reduction in this order.

11

Court's previous denial, his motion must be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Trevon R. Lynch's Motion for Reconsideration Based on the Court's Order, Which Movant Received on July 25, 2022 (Dkt. #95) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 18th day of January, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE